## EDISON ELECTRIC LIGHT CO. et al. v. CITIZENS' ELECTRIC LIGHT, HEAT & POWER CO.

(Circuit Court, E. D. Pennsylvania. June 29, 1894.)

### No. 26.

1. PATENTS—INFRINGEMENT BY USER.
   The purchaser of a patented article is not liable as an infringer where he purchased it from one having a legal right to sell it. Adams v. Burke, 17 Wall. 453, and Hobbie v. Jennison, 13 Sup. Ct. 879, 149 U. S. 361, followed.
2. SAME—PRELIMINARY INJUNCTION—DECISION IN ANOTHER CIRCUIT.
   A decision by another circuit court that the person from whom the present defendant purchased the alleged infringing articles had a legal right to sell them is sufficient ground for denying a motion for a preliminary injunction.

This was a bill by the Edison Electric Light Company and others against the Citizens' Electric Light, Heat & Power Company for infringement of letters patent No. 223,898.

Dyer & Seely, C. E. Mitchell, and S. B. Huey, for complainants.
J. L. Steinmetz, for defendant.

DALLAS, Circuit Judge. This is a motion for a preliminary injunction to restrain the defendant from using certain electric lamps in alleged violation of the rights of the complainants, under what is known as the "Edison Patent for Incandescent Lamps." The substantial question is as to the weight which should, upon this application, be accorded to the action of the circuit court for the Northern district of Ohio, on certain motions made in that court for, and to dissolve, preliminary injunctions in suits upon the same patent. In disposing of the motions referred to, Judge Ricks delivered three opinions, which have been discussed at length by counsel and

attentively read by me; but I do not deem it necessary or advisable to express any opinion of my own upon the subject with which they deal. It is enough to say that he has decided that the lamps now involved could be lawfully made and sold by the defendant's vendor; and under Adams v. Burke, 17 Wall. 453, and Hobbie v. Jennison, 149 U. S. 361, 13 Sup. Ct. 879, the user of a patented article is not liable as an infringer where he purchased it of a person who had a legal right to sell it. Nothing is now indicated as to the view which may be taken of this case when considered upon pleadings and proofs; but I am of opinion that, because a preliminary injunction against the maker of the lamps has been refused in the Sixth circuit, this court should not, upon interlocutory application, enjoin the use of them by a defendant who bought them from that maker. The motion for a preliminary injunction is denied.